Margaret L. CLAYTON, Plaintiff—
Appellant,

v.

LANDSING PACIFIC FUND INC.;
et al., Defendants—Appellees.

No. 02–16116.

D.C. No. CV–01–03110–WHA.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.[*]

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ, and
BERZON, Circuit Judges.

MEMORANDUM[**]

Margaret L. Clayton appeals pro se the district court's judgment dismissing under Fed.R.Civ.P. 12(b)(6) her securities fraud action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim, *Berry v. Valence Tech., Inc.*, 175 F.3d 699, 706 (9th Cir.1999), as well as dismissals based on statutes of limitations, *Ellis v. City of San Diego*, 176 F.3d 1183, 1188 (9th Cir. 1999). We affirm.

The district court properly dismissed Clayton's federal securities fraud claims as time-barred, because the second amended complaint did not allege fraud or deception in connection with the purchase or sale of any security within three years preceding the date Clayton filed this action. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5; *Durning v. Citibank, Int'l*, 990 F.2d 1133, 1136 (9th Cir.1993) (finding claim time-barred under three-year statute of repose established in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991)).

Similarly, the district court properly dismissed Clayton's state statutory securities fraud claims as time-barred because she failed to allege that any sale of securities occurred within four years of the date she filed her complaint. *See* Cal. Corp.Code § 25506.

The district court also properly dismissed Clayton's common law fraud claim because she failed to allege with particularity several elements of fraud, such as misrepresentation, scienter, and intent to defraud. *See Lazar v. Superior Court*, 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981, 984, 989 (1996) (noting that under heightened pleading requirements, fraud claims must allege facts showing "how, when, where, to whom, and by what means the representations were tendered").

The district court did not abuse its discretion in awarding defendants copying costs pursuant to 28 U.S.C. § 1920(4) for "copies of papers [they] necessarily obtained for use in the case." *See Disc Golf Ass'n v. Champion Discs, Inc.*, 158 F.3d 1002, 1010 (9th Cir.1998).

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.